

MAR 23 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNN LOCKAMY,<br><br>                Plaintiff,<br><br>EMPIRE BEAUTY SCHOOL, INC. and<br>EMPIRE EDUCATION GROUP, INC.,<br><br>                Defendants. | Civil Action No.: 10 Civ. 00319 (RJH)<br><br>**CIVIL CASE MANAGEMENT PLAN** and **ORDER** |

RICHARD J. HOLWELL
UNITED STATES DISTRICT COURT JUDGE

      After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to the Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

          **1.**    **Description of the Case**

                  **a.**    Identify the attorneys of record for each party, including lead trial attorney

| | |
|---|---|
| Salvatore G. Gangemi, Lead Trial Attorney<br>Dominique Nancy Ferrera<br>Gangemi Law Firm, P.C.<br>82 Wall Street, Suite 300<br>New York, New York 10005<br>(212) 425-0630<br>ATTORNEYS FOR PLAINTIFF | Matthew A. Steinberg, Lead Trial Attorney<br>Alexander W. Leonard<br>Jackson Lewis LLP<br>59 Maiden Lane<br>New York, New York 10038-4502<br>(212) 545-4000<br>ATTORNEYS FOR DEFENDANTS |

                  **b.**    State the basis for federal jurisdiction

                        Plaintiff alleges this Court has federal question jurisdiction based on her assertion of claims under Title VII, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, as well as supplemental jurisdiction over her state and city law claims under 28 U.S.C. § 1367.

c.  **Briefly describe the claims asserted in the complaint and any counterclaims**

Plaintiff claims that Defendants discriminated against her based on her race (African-American) by terminating her employment allegedly on that basis. Plaintiff also claims that Defendants discriminated against her by refusing to promote her on two separate occasions, again allegedly based on her race.

Defendants have not asserted any counterclaims (but deny Plaintiff's allegations).

d.  **State the major legal and factual issues in the case**

The issues to be tried are: (1) whether Plaintiff can establish a *prima facie* case of unlawful race discrimination in connection with Defendants' alleged failure to promote Plaintiff and/or Defendants' termination of Plaintiff's employment; (2) whether Defendants can establish they had legitimate, non-discriminatory reasons for each personnel decision it made with respect to Plaintiff's employment; (3) whether Plaintiff can establish that Defendants' proffered legitimate nondiscriminatory reasons are pretextual, and that the real reason for their actions was intentional race discrimination; (4) whether Plaintiff has suffered any damages as a result of Defendants' alleged conduct and, if so, the value of such damages; and (5) whether Plaintiff failed to mitigate any of her alleged damages.

e.  **Describe the relief sought**

Plaintiff seeks monetary damages, including back pay, prejudgment interest, reinstatement, front pay, lost benefits, compensatory, and punitive damages. Plaintiff also seeks equitable relief in the form of an injunction.

2.  **Proposed Case Management Plan**

   a.  **Identify all pending motions**

   None.

   b.  **Propose a cutoff date for joinder of additional parties**

   April 2, 2010.

c.  **Propose a cutoff date for amendments to pleadings**

    April 2, 2010.

d.  **Propose a schedule for completion of discovery, including**

    i.  A date for Rule 26(a)(1) disclosures, if not previously completed

    April 23, 2010.

    ii.  A fact discovery completion date

    July 30, 2010.

    iii.  A date for Rule 26(A)(2) disclosures

    Plaintiff to identify experts and produce expert reports by August 16, 2010. Defendant to identify experts and produce reports by August 25, 2010. Plaintiff's rebuttal reports, if any, by September 3, 2010. Defendant's sur-rebuttal reports, if any, by September 13, 2010.

    iv.  An expert discovery completion date

    September 20, 2010.

e.  **Propose a date for filing dispositive motions**

    October 22, 2010.

f.  **Propose a date for filing a final pretrial order**

    November 22, 2010.

g.  **Propose a trial schedule, indicating**

    i.  Whether a jury trial is requested

    Yes.

    ii.  The probable length of trial

    5 days.

    iii.  When the case will be ready for trial.

After January 10, 2011 and after Defendants' summary judgment motion is decided.

3. **Consent to Proceed Before a Magistrate Judge:** Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.

No.

4. **Status of Settlement Discussions**

   a. Indicate whether any settlement discussions have occurred

   The parties preliminarily explored the possibility of settlement. However, due to the parties' disparate settlement postures, further discovery is necessary at this time.

   b. Describe the status of any settlement discussions

   See above.

   c. Whether the parties request a settlement conference

   At an appropriate time, if the parties believe the Court can help facilitate a meaningful settlement dialogue, the parties will request a settlement conference.

Respectfully submitted,

GANGEMI LAW FIRM, P.C.  
82 Wall Street - Suite 300  
New York, New York 10005  
(212) 425-0630

By: _____  
Salvatore G. Gangemi (SG 5604)  
Dominique Nancy Ferrera (DF 0709)

Dated: 3/19/2010

ATTORNEYS FOR PLAINTIFF

JACKSON LEWIS LLP  
59 Maiden Lane  
New York, New York 10038-4502  
(212) 545-4000

By: _____  
Matthew A. Steinberg (MS 3979)  
Alexander W. Leonard (AL 0424)

Dated: 3/19/10

ATTORNEYS FOR DEFENDANTS

A status conference shall be held on 7/30/10 at 10:00 am.

SO ORDERED:

_____
RICHARD J. HOLWELL
UNITED STATES DISTRICT COURT
JUDGE

3/31/10

5